# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SHANICE CURRIE,
      **Plaintiff,**

   **v.**　　　　　　　　　　　　　　　　　　　**Case No. 20-cv-1342**

STATE AUTO PROPERTY AND CASUALTY
INSURANCE COMPANY,
      **Defendant.**

_____

## DECISION AND ORDER

Plaintiff Shanice Currie brings this action against defendant State Auto Property and Casualty Insurance Company alleging defendant breached an insurance contract by failing to pay a claim stemming from a fire that damaged plaintiff's property. Defendant now moves for summary judgment, arguing that the property was not covered by the policy and that plaintiff failed to adequately prevent further damage after the loss. Plaintiff also moves to strike certain evidence.

## I.　　BACKGROUND

### A. Facts

In May 2018, plaintiff purchased a duplex located at 2353-55 North 10th Street, Milwaukee, WI (the "10th Street property"). The property needed significant work, and plaintiff was unable to live there immediately. Plaintiff frequently slept at 3711 West Lisbon in Milwaukee, the address listed on her driver's license. The premises there contained a bed, dresser, and couch and bathroom facilities. During the relevant time period, plaintiff also received her mail there. Plaintiff also maintained an apartment at 1141 North Old World Third Street in Milwaukee at which she sometimes slept, cooked, and bathed. The

Third Street property included a working kitchen and bathroom and contained a kitchen table and chairs and some of plaintiff's personal items.

In summer 2018, plaintiff decided the 10th Street property was livable and moved some personal property there, including some clothes, a dresser, mattress, bed frame, mirror, and a quilt. The 10th Street property did not contain appliances, a sofa or chairs, a stove or refrigerator, plates, utensils, or cooking equipment. Plaintiff states that she did not use or intend to use the water at the 10th Street property. Plaintiff also knew that other people occasionally stayed there and used the property without her permission, but she did not call the police or make any effort to prevent it.. ECF no. 31-7 p.8. In summer 2018, plaintiff began staying at the 10th Street property at least two nights a month.

On October 31, 2018, a fire occurred at the 10th Street property, damaging the building. On November 2, 2018, a second fire occurred causing further damage. On February 18, 2019, plaintiff submitted an insurance claim to defendant for the damage caused by the fires. Defendant declined to pay the claim, and plaintiff filed suit.

## B. The Policy

Defendant issued plaintiff a homeowner's insurance policy covering the period between September 15, 2018 and September 15, 2019. As relevant here, the policy covered "[t]he dwelling on the 'residence premises' shown in the Declarations," ECF no. 31-31 p. 21, which was the 10th Street property. *Id.* at p. 4. An endorsement to the policy defines "Residence premises" as "the two-, three-, or four-family dwelling *where you reside* in at least one of the family units" on "the inception date of the policy period shown in the Declarations." *Id.* at p. 47 (emphasis added).

2

## II. DISCUSSION

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, I view the evidence in the light most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

Defendant moves for summary judgment, arguing that at the time of the fire the policy did not cover the 10th Street property. Defendant argues that the policy only covers the "residence premises" defined as "the two-, three- or four-family dwelling" where the insured resides on the inception date and which is shown in the Declarations. The parties agree that the 10th Street property was a two-family dwelling shown in the Declarations. The issue is whether plaintiff resided there at the beginning of the policy period.

Under Wisconsin law, which the parties agree applies, I give effect to the intent of the contracting parties. *American Family Mut. Ins. Co. v. American Girl, Inc.*, 2004 WI 2, ¶ 23. I give the language in an insurance policy its common, ordinary meaning, "what the reasonable person in the position of the insured would have understood the words to mean." *Folkman v. Quamme*, 2003 WI 116, ¶ 17 (quoting Arnold P. Anderson, *Wisconsin Insurance Law* § 1.1(C) (4th ed. 1998)). A policy is ambiguous if it is susceptible to more than one reasonable interpretation. *Id.* at ¶ 13. If a clause ambiguous, I construe it in favor of the insured. *Id.* However, I enforce any plain and unambiguous language as written. *Danbeck v. Amer. Fam. Mut. Ins. Co.*, 245 Wis.2d 186, 193 (Wis. 2001).

The policy does not define the term "reside." Therefore, I must give it its common, ordinary meaning and interpret it as a reasonable person in the place of plaintiff would. A

3

reasonable person would understand "the dwelling where you reside" to mean the place where the insured actually lives. Plaintiff argues that "the dwelling where you reside" is ambiguous as to whether it need be the insured's sole or primary residence. I agree that the clause is ambiguous and will construe it in plaintiff's favor. A reasonable person would, nevertheless, understand the clause to require plaintiff to maintain and use the 10th Street property as a home, even if it was only one residence among many.

Defendant argues that the evidence is insufficient to show plaintiff actually used the property as a home. I agree. The evidence strongly indicates that plaintiff did not reside at the 10th Street property. The property did not contain items that most people would expect in a home, such as a stove, refrigerator, utensils, cooking equipment, appliances, sofas, and chairs. Plaintiff had access to all of these items but did not keep them at the 10th Street property; instead, she kept them at her other two properties where she spent most of her time. Nor did she use the property as most people would use a home: she did not bathe there, use the water, prepare meals, or receive mail. Nor did she list the address of the property on her driver's license. Rather, she used her other properties for these purposes. Additionally, she knew that people used the property without her permission but made no effort to prevent such conduct. Most people would not want their home to be used in this way. Plaintiff notes that she slept at the property at least two nights a month but even then, she returned to her other properties to bathe and prepare meals. Thus, a jury could not reasonably conclude that she resided at the property.

Plaintiff argues that under *Thorne v. Member Select Ins. Co.,* 882 F.3d 642 (7th Cir. 2017), she has presented sufficient evidence to withstand defendant's motion. In

4

*Thorne*, the Seventh Circuit determined that an insured who spent the majority of his nights at his place of employment nonetheless "resided" at his house at the time of a fire. But *Thorne* applied Indiana law, not Wisconsin law, and, as indicated, the facts were different. Thus, *Thorne* does not govern the present case.

Defendant also argues that plaintiff failed to adequately protect the property after the fires. Because I have decided that the policy did not cover plaintiff's loss, this issue is moot.

Plaintiff also moves to strike the testimony of three expert witnesses and five exhibits offered by the defendant. However, I did not consider or rely on this evidence. Accordingly, I will deny the motion to strike as moot.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendant's motion for summary judgment at ECF no. 31 is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to strike at ECF nos. 29 and 34 are **DENIED**.

The Clerk of Court is directed to enter judgment in favor of the defendant.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2022.

/s/Lynn Adelman\
LYNN ADELMAN\
United States District Judge

5